# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11008
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RINGO RECTO LABRADOR,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-41-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Ringo Recto Labrador appeals the 135-month, within-guidelines sentence he received following his guilty plea conviction for possession with intent to distribute methamphetamine. He challenges the district court's guidelines calculations, which would constitute a procedural error. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A district court commits a procedural error, and thus "abuses its discretion[,] if it bases its decision on an error of law

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or a clearly erroneous assessment of the evidence." *United States v. Castillo*, 430 F.3d 230, 238-39 (5th Cir. 2005) (internal quotation marks and citation omitted).  We review a challenge to the district court's interpretation of the Guidelines de novo, while we consider for clear error a claim of mistaken factual findings or a misapplication of the Guidelines to those factual findings. *United States v. Lyckman*, 235 F.3d 234, 237 (5th Cir. 2000).  Additionally, Labrador challenges the substantive unreasonableness of his sentence.  We review this contention for an abuse of discretion.  *Gall*, 552 U.S. at 51.

In his first ground for relief, Labrador contends that the district court erred by including in the relevant drug quantity amounts reportedly sold by him to an unnamed confidential source.  He maintains that there was insufficient corroboration to establish the reliability of the source's description of those sales.  Generally, a presentence report has sufficient indicia of reliability and may be adopted without further inquiry if it has an adequate evidentiary basis and the defendant does not rebut the facts therein or otherwise show that it is unreliable. *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).  A district court may consider out-of-court declarations by an unidentified confidential informant if there is good cause for the nondisclosure of the informant's identity and there is sufficient corroboration by other means to make the information reasonably reliable.  U.S.S.G. § 6A1.3, p.s., comment.; *United States v. Rogers*, 1 F.3d 341, 343-44 (5th Cir. 1993).  The confidential source reported that he had purchased methamphetamine and marijuana from Labrador over a period of several years.  The presentence report indicates that the officers corroborated the confidential source's description of the interior and exterior of Labrador's residence, used a phone number provided by the source to set up a controlled purchase in Labrador's home, and obtained evidence that Labrador sold both methamphetamine and marijuana.  Such

corroboration was sufficient to render the information from the source reliable for sentencing purposes. *See United States v. Young*, 981 F.2d 180, 185-86 (5th Cir. 1992).

In addition, Labrador contends that his within-guidelines sentence is substantively unreasonable because the methamphetamine Guideline is not based on empirical evidence. His assertion is foreclosed by this court's precedent. *See, e.g.*, *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Labrador has not shown the district court failed to give proper weight to any 18 U.S.C. § 3553(a) factor. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Thus, he fails to rebut the presumption of reasonableness applicable to his sentence. *See Mondragon-Santiago*, 564 F.3d at 360.

The judgment of the district court is thus **AFFIRMED**.